GEORGIA C. SIVILS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26762–81.     Filed January 27, 1986.

---

*Robert W. Schivera*, for the petitioner.
*J. Mack Karesh*, for the respondent.

OPINION

WILLIAMS, *Judge*:* The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax for calendar years 1973 through 1977. After concessions, only a deficiency of $20,021.71 in petitioner's Federal income tax for 1977 remains in controversy. The sole issue that the Court must decide is whether the innocent spouse relief provision of section 6013(e)[1] permits the petitioner, for income averaging purposes, to exclude from her base period income the gross income that was fraudulently omitted by her husband from their joint returns.

All of the facts have been stipulated and are so found. Georgia Sivils resided in Savannah, Georgia, at the time the petition was filed. During the period 1973-77, Georgia was the wife of Glen D. Sivils with whom she filed a joint income tax return at the Atlanta Internal Revenue Service Center for each of the calendar years 1973-77.

Glen Sivils was convicted of Federal crimes involving the possession and the smuggling of controlled substances. The gross income derived from Glen's illegal activity was omitted from the joint returns filed by Glen and Georgia for the years 1973-76. Georgia did not know, and had no reason to know, that any of her joint returns omitted such income.

Glen and Georgia were divorced in 1979. Georgia was given custody of the four minor children of the marriage.

Glen D. Sivils' base period income, income tax deficiencies, and additions to tax for fraud for calendar years 1973-76 are as follows:

---

*By order of the Chief Judge, this case was reassigned to Judge Williams for decision and opinion.

[1]*Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

| Year | Base period income | Income tax deficiency | Sec. 6653(b) addition to tax |
|------|-----|-----|-----|
| 1973 | $83,441.68 | $33,109.04 | $15,526.46 |
| 1974 | 65,665.39 | 23,753.47 | 11,183.25 |
| 1975 | 135,999.32 | 59,303.52 | 29,651.76 |
| 1976 | 32,464.32 | 8,556.79 | 3,879.80 |

Glen's base period income as shown above would also be Georgia's base period income for each of the years 1973–76 unless the innocent spouse relief provision permits Georgia to exclude the fraudulently omitted income of her husband in computing her base period income. Georgia's base period income for calendar years 1973–76, excluding the fraudulently omitted income, would be as follows:

| Year | Base period income |
|------|-----|
| 1973 | $8,675.50 |
| 1974 | 3,200.00 |
| 1975 | 10,804.40 |
| 1976 | 10,211.20 |

On September 20, 1984, this Court entered its decision in *Glen D. Sivils v. Commissioner*, docket no. 26761–81 that, among other things, a deficiency existed in Glen's income tax for the year 1977 in the amount of $20,021.71. The deficiency for 1977 is attributable, in part, to the failure to compute any self-employment tax on earned income and, in part, to Georgia's use of income averaging in the manner which is the subject of this case. Georgia is jointly liable with Glen for the full amount of that deficiency unless section 6013(e) permits her to compute her base period income as shown above, i.e., by excluding Glen's fraudulently omitted income from each of the base years, 1973–76.

The issue presented by this case is one of first impression and involves the relationship between the innocent spouse relief provision of section 6013(e) and the income averaging provisions of sections 1301 et seq. Before we can address the issue presented by the parties, however, we must determine the status of Georgia as an innocent spouse for each of the years involved, i.e., 1973–77. In this case, the parties have stipulated that Georgia has satisfied each of the elements of section 6013(e)(1) for each year, 1973–76, and the record supports their stipulation. The parties have

also stipulated that Georgia is an "innocent spouse" for 1977. We cannot, however, accept the stipulation to mean that Georgia qualifies for relief from liability for any part of any deficiency for 1977 pursuant to section 6013(e)(1) because, we believe, that conclusion is erroneous as a matter of law.[2] *King v. United States*, 641 F. 2d 253 (5th Cir. 1981).

Normally, if a joint return is made, each spouse is jointly and severally liable for the tax on the correct amount of taxable income. Sec. 6013(d)(3). Section 6013(e) relieves the innocent spouse of joint and several liability for the deficiency in income tax attributable to the culpable spouse's fraud. Section 6013(e)(1)[3] provides that a spouse who files a joint return on which there is a "substantial understatement of tax attributable to grossly erroneous items" of the other spouse and who does not know or have a reason to know of the substantial understatement of tax is relieved of liability for the deficiency in tax attributable to the substantial understatement, if it is inequitable to hold such spouse liable.

The record shows that Georgia and her husband made a joint income tax return for 1977 reporting $101,471 in commissions from Glen's illegal activities. The Commissioner did not adjust the income reported on the 1977 return, nor did he change any item of deduction, credit, or basis. For Georgia to qualify for relief from joint and

[2] It is not clear to us precisely what the parties had in mind in so stipulating because respondent argues vigorously that Georgia is fully liable for the full deficiency for 1977. We take the stipulation to mean and fully accept that Georgia had no part whatsoever in any of her husband's illegal activities and that it would be inequitable to hold her liable for the deficiency of $20,021.71 in income tax for 1977. As discussed *infra*, Georgia does not, however, fully satisfy the elements of sec. 6013(e)(1) because there are no "grossly erroneous items" on the 1977 joint return within the meaning of sec. 6013(e)(1)(B).

[3] Sec. 6013(e)(1), provides—

SEC. 6013(e). SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

(1) IN GENERAL.—Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

several liability for the 1977 deficiency, she must prove that the substantial understatement of tax for 1977 of $20,021.71 was "attributable to grossly erroneous items" of Glen. Sec. 6013(e)(1)(B).

"Grossly erroneous items" is defined by section 6013(e)(2) to mean "(A) any item of gross income *** omitted from gross income, and (B) any claim of a deduction, credit, or basis *** in an amount for which there is no basis in fact or law." The statute requires that the joint return report a gross error with respect to a particular item of income, deduction, credit, or basis. The statute defines the nature of the gross error with respect to income, as omission of gross income, and, with respect to a claim of deduction, credit, or basis, as a claim that is groundless.

The record shows that the Sivils' 1977 return omitted no gross income and claimed no groundless deduction, credit, or basis. The deficiency for 1977 resulted in large measure from petitioner's use of income averaging in the manner that gave rise to the present controversy between the parties. The only error on the Sivils' 1977 return as determined by the Commissioner related to Glen's improper characterization of his commission income. The return reported all gross income, but failed to characterize the commission income as income from self-employment subject to tax under sections 1401 et seq.[4]

The failure to treat Glen's commission income as self-employment income may have been groundless, but the statutory test for determining an income item as grossly erroneous is whether gross income was omitted. Since all of the commission income was included in gross income on the 1977 return, there is no grossly erroneous income item on the 1977 return. Consequently, the substantial understatement of tax liability for 1977 is not "attributable to grossly erroneous items" within the meaning of section 6013(e)(1)(B), and Georgia is not relieved of her joint and several liability for any part of the deficiency for 1977.

Petitioner argues that, in calculating her 1977 income taxes by income averaging, she should be permitted to

---

[4]Only $1,303.50 of the 1977 deficiency was attributable to this error; the balance is the difference between respondent's and petitioner's theories of income averaging. There is nothing in the record to indicate whether $1,303.50 satisfies the percentage threshold of sec. 6013(e)(4).

exclude from her base period income all of Glen's fraudulently omitted income. To refuse her this benefit, she argues, would effectively tax her on some of his omitted income in violation of the relief afforded to her by section 6013(e). Georgia's case is very appealing, especially so since we accept the parties' stipulation that it would be inequitable to hold her liable for any deficiency attributable to income from Glen's illegal activities. Section 6013(e) does not, however, affect the computation of tax due under the income averaging provisions of the Code.

Income averaging is a method of calculating the current year's tax. As we held in *Unser v. Commissioner*, 59 T.C. 528 (1973), a taxpayer that seeks to compute his current year's tax liability under the income averaging method must use the correct taxable income of each base period year. In *Unser*, the taxpayer had understated his income in one of the base period years and sought to use his understated taxable income in calculating his current year's tax under the income averaging method. The taxpayer argued that to force him to use his correct taxable income would in effect violate the statute of limitations which had run on that year. We rejected his argument reasoning that the income averaging provisions do not involve a recomputation of tax for any prior year. Regardless of what the taxpayer's liability for any prior year's tax may be, in computing his current year's tax he must use the correct amount of taxable income in each base period year.

Using the correct taxable income in each base period year does not impair any of the relief that Georgia has enjoyed from the tax liability attributable to her husband's fraud. Pursuant to section 6013(e), Georgia is relieved in each of the base period years, 1973–76, from liability for any tax deficiency attributable to Glen's fraud. This relief does not, however, reduce either the correct taxable income in each base period year or the tax due in respect of the correct taxable income. We conclude, therefore, that in applying the income averaging method to calculate Glen's and Georgia's tax liability on their 1977 joint taxable income, that the correct taxable income for each base period year must be used. Thus, Glen's fraudulently omitted income must be included in each base period year. Because section 6013(e)

does not relieve Georgia from joint liability for 1977 income taxes, she is jointly liable with Glen for the $20,021.71 deficiency.

*Decision will be entered for the respondent.*

