EVA Y. HAYES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hayes v. Commissioner
Docket No. 4251-88
United States Tax Court
T.C. Memo 1989-327; 1989 Tax Ct. Memo LEXIS 331; 57 T.C.M. (CCH) 869; T.C.M. (RIA) 89327; July 10, 1989
*331 Held: Petitioner is an innocent spouse only with respect to one particular item of omitted gross income. Eva Y. Hayes, pro se. Diana D. Cameron, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the 1982 joint Federal income tax of petitioner, Eva Y. Hayes, and her husband, Rufus Hayes, in the amount of $ 8,427.69. Respondent also determined additions to that tax under section 6653(a)(1)[1] in the amount of $ 421.38, under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 8,427.69, and under section 6661 in the amount of $ 2,106.92. Although she does not contest the amount of tax liability, petitioner contends that she is entitled to innocent spouse relief under section 6013(e). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. *333 The stipulations and exhibits attached thereto are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in La Porte, Texas. Petitioner married Rufus Hayes (Mr. Hayes) in 1970 and they have never been legally divorced or separated. Petitioner and Mr. Hayes filed a joint Federal income tax return for the year 1982. Sometime thereafter they stopped living together and petitioner no longer maintains contact with Mr. Hayes nor does she know of his whereabouts. The Kroger Co. employed petitioner as a clerk during the year under consideration here. She supported herself and lived off her wages which amounted to $ 21,278.32 for 1982. Petitioner maintained savings accounts at the Kroger Employees' Credit Union and the Allied Pasadena National Bank. In 1982, she earned $ 741 in interest on those two accounts. Mr. Hayes worked for Super-Therm, Inc. (Super-Therm) and was paid $ 14,510 in 1982. He also received "Retired Pay" in the amount of $ 13,334.60 from the United States Marine Corps during that year. Petitioner and Mr. Hayes received interest in the amount of $ 38 from the Internal Revenue Service in 1982. Petitioner knew that *334 Mr. Hayes was working at Super-Therm but she never knew how much he was being paid. Mr. Hayes kept his paychecks from petitioner and he denied making money at that job. Petitioner secretly spoke with several representatives of Super-Therm because she doubted his word. Those representatives confirmed that Mr. Hayes worked at Super-Therm but refused to divulge how much he was being paid. Mr. Hayes also kept the checks which he received from the Marine Corps from petitioner. She knew he received monthly payments exceeding $ 1,000 from the Marine Corps but she did not know the exact amount of those payments. Petitioner attempted to ascertain the amount by telephoning the Marine Corps Finance Center in Kansas City, Missouri. The person whom she contacted refused to disclose any information about the "Retired Pay" which Mr. Hayes received from the Marine Corps. Petitioner knew that Mr. Hayes was claiming part of his "Retired Pay" as disability income because she heard him say so. Mr. Hayes prevented petitioner from participating in the preparation of their 1982 Federal income tax return. Anytime petitioner inquired into income tax matters she risked incurring his wrath. Prior *335 to April 15, 1983, Mr. Hayes presented a blank return to petitioner for her signature. Mr. Hayes had already signed the return and he lead petitioner to believe that she needed to sign it so an extension of the time for filing could be obtained. Petitioner signed the return and provided Mr. Hayes with the Form W-2 reflecting the amount of wages she earned during 1982 and the Form 1099's reflecting the amount of interest she earned on her two savings accounts during that year. Mr. Hayes indicated that a certified public accountant would be preparing their return but that it would be unnecessary for petitioner to meet him because all that was necessary was her signature. Mr. Hayes subsequently prepared and filed the return. In his notice of deficiency, dated January 29, 1988, respondent determined, inter alia, that Mr. Hayes and petitioner failed to report his earnings from Super-Therm in the amount of $ 14,510 and interest income in the amount of $ 779; $ 309 from petitioner's savings account at the Kroger Employees' Credit Union, $ 432 from petitioner's savings account at the Allied Pasadena National Bank, and $ 38 from the Internal Revenue Service. Respondent disallowed the *336 disability income exclusion in the amount of $ 2,666.92 which was claimed with respect to the "Retired Pay" received by Mr. Hayes from the Marine Corps. Respondent also disallowed various deductions in the amount of $ 3,403.16 claimed by Mr. Hayes and petitioner as itemized deductions on Schedule A of their joint return. OPINION The sole issue for decision is whether petitioner qualifies under section 6013(e) as an "innocent spouse" with respect to the deficiency and additions to tax determined by respondent. Ordinarily, when a joint return is made by a husband and wife, liability for the tax computed on their aggregate income is joint and several. Sec. 6013(d)(3). The joint and several liability that arises from filing a joint return also extends to any additions to tax. Sec. 6662(a)(2). However, section 6013(e), as amended by the Tax Reform Act of 1984, [2] provides a certain measure of relief if the following four conditions are met by the taxpayer claiming "innocent spouse" status: (1) *337 a joint return has been made; (2) the return shows a substantial understatement (defined in section 6013(e)(3) as any understatement over $ 500) of tax attributable to grossly erroneous items of one spouse; (3) the other spouse establishes that at the time the return was signed he or she neither knew nor had any reason to know that there was a substantial understatement; and (4) under the facts and circumstances, it is inequitable to hold the other spouse liable for the liability attributable to such substantial understatement. Sec. 6013(e)(1)(A) through (D). Respondent admits that a joint return was filed by Mr. Hayes and petitioner for 1982. He contends, however, that the other conditions of section 6013(e) have not been met. Petitioner bears the burden of proving that each of the other three statutory conditions has been satisfied. Sonnenborn v. Commissioner, 57 T.C. 373, 381 (1971); Rule 142(a). In reaching our decision herein, we bear in mind that Congress *338 intended section 6013(e) to remedy an injustice, and we will not hinder that intent by unduly narrowing or restricting the application of that section. Sanders v. United States, 509 F.2d 162, 166-167 (5th Cir. 1975); accord Allen v. Commissioner, 514 F.2d 908, 915 (5th Cir. 1975). However, we note that a taxpayer cannot be absolved of joint and several liability unless each of the conditions set forth in section 6013(e) has been satisfied. Section 6013(e)(1)(B)
For petitioner to qualify for relief from joint and several liability for the 1982 deficiency, she must prove that the substantial understatement of tax for 1982 of $ 8,427.69 was "attributable to grossly erroneous items" of Mr. Hayes. Sec. 6013(e)(1)(B). As defined in section 6013(e)(2), "grossly erroneous items" means "(A) any item of gross income * * * omitted from gross income, and (B) any claim of a deduction, credit, or basis * * * in an amount for which there is no basis in fact or law." The statute requires that there be a gross error with respect to a particular item of income, *339 deduction, credit, or basis on the joint return. Sivils v. Commissioner, 86 T.C. 79, 83 (1986). With respect to income, any omission of gross income constitutes such an error, but only a groundless claim constitutes such an error with respect to a claim of deduction, credit, or basis. Sivils v. Commissioner, supra.
Respondent conceded that the omission of Super-Therm income satisfies the requirements of section 6013(e)(1)(B). However, petitioner has failed to prove that any of the other items resulting in the 1982 deficiency satisfy those requirements. The omitted interest income is largely attributable to petitioner because most of that interest was paid with respect to her savings accounts. Obviously, a taxpayer cannot be an innocent spouse with respect to that taxpayer's own income. Petitioner failed her burden of proof with respect to the other $ 38 of interest income by not presenting any evidence from which it can be determined whether the Internal Revenue Service paid that interest to Mr. Hayes, petitioner, or both. Since all of the "Retired Pay" which Mr. Hayes received from the Marine Corps was reported on the 1982 return, no grossly *340 erroneous income item exists with respect thereto. Sivils v. Commissioner, supra.[3]
While it is clear from the statute that any omission of income resulting in an understatement of tax in excess of $ 500 is to be considered a grossly erroneous item, only those claims of deduction, credit, or basis without any factual or legal basis are to be considered grossly erroneous. Thus, in order to be relieved from the tax liability resulting from a disallowed deduction, a taxpayer seeking innocent spouse relief must prove that such deduction has no basis in fact or law. Purcell v. Commissioner, 86 T.C. 228, 240 (1986), affd. 826 F.2d 470 (6th Cir. 1987), cert. denied U.S. , 108 S.Ct. 1290 (1988). Petitioner has presented no evidence on this point as it pertains to the various itemized deductions which respondent disallowed. The disallowance of those deductions by respondent is not evidence that they had no basis in fact or law. Douglas v. Commissioner, 86 T.C. 758, 763 (1986). *341 Likewise, petitioner's concession of the disallowed deductions is not sufficient to meet her burden of proof. Purcell v. Commissioner, supra at 239. Moreover, section 6013(e)(1)(B) provides that the grossly erroneous items be "of" the other spouse, and petitioner has failed to introduce any evidence from which it can be determined whether the disallowed deductions were attributable to Mr. Hayes. Based on the foregoing, we conclude that petitioner has failed in her burden of proof except with respect to the $ 14,510 which Mr. Hayes received from Super-Therm. [4]
Section 6013(e)(1)(C)
To satisfy the requirements of section 6013(e)(1)(C), petitioner must establish that at the time of signing the 1982 joint return she neither knew nor had reason to know that there was a substantial understatement of tax attributable to grossly erroneous items of Mr. Hayes. Adams v. Commissioner, 60 T.C. 300, 303 (1973); *342 Sonnenborn v. Commissioner, supra at 381. The issue regarding petitioner's knowledge is essentially factual. In determining whether petitioner knew or had reason to know of such an understatement, we must consider whether at the time of signing the return a reasonable person in her circumstances could be expected to know of the substantial understatement resulting from the omission of the Super-Therm income. Sanders v. United States, supra;Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979). A spouse cannot "close her eyes" to facts that might give her reason to know, Terzian v. Commissioner, supra, citing Mysse v. Commissioner, 57 T.C. 680, 699 (1972), because section 6013(e) is designed to protect the innocent, not the intentionally ignorant. Based on all of the evidence in the record and our evaluation of petitioner's credibility, we believe that she had no actual knowledge of the substantial understatement of tax. We have found as a fact that Mr. Hayes prevented petitioner from participating in the preparation of their 1982 return and that she risked incurring his wrath whenever she inquired *343 into income tax matters. She provided Mr. Hayes with forms reflecting the amount of her wages and interest income and signed a blank return which Mr. Hayes convinced her would be completed by a certified public accountant. Thus, Mr. Hayes effectively prevented petitioner from having any actual knowledge of the contents of the return by preventing her from participating in its preparation, reviewing its contents, or making any inquiries into income tax matters generally. The more difficult question is whether under those same circumstances knowledge of the omission of the Super-Therm income and consequent understatement of tax may be imputed to petitioner due to her failure to review the return. For a taxpayer to sign a blank return and fail to review such return before it is filed raises a risk that the return will be inaccurate or that, as in this case, not all the income earned in the tax year will be reported. Once petitioner signed the return and gave it back to Mr. Hayes, she had no way of knowing that he did not report all of his income on such return. However, we do not believe that petitioner "closed her eyes" to the contents of the return or, more specifically, to what *344 was not contained therein by failing to review such return after it was completed and before it was mailed to the Internal Revenue Service. We are convinced instead that petitioner had neither an opportunity nor a motive to review the completed return. First, we think it logical to infer that Mr. Hayes would not have allowed petitioner to review the completed return even if she had made such a request. Mr. Hayes was bent on preventing petitioner from participating in the preparation of the return and he refused to discuss income tax matters with her. Second, Mr. Hayes convinced petitioner that he had arranged for a certified public accountant to complete their return and petitioner could reasonably have believed that Mr. Hayes' income would be included on such return before it was filed. For those reasons, we conclude that petitioner had no reason to know of the substantial understatement of tax resulting from the omission of the Super-Therm income. Section 6013(e)(1)(D)
The final requirement for innocent spouse relief is that, taking into account all the facts and circumstances, *345 it would be inequitable to hold the spouse seeking such relief liable for the deficiency attributable to the substantial understatement. Sec. 6013(e)(1)(D). Prior to amendment by section 424(a) of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, 801, section 6013(e)(1)(D) (formerly designated as section 6013(e)(1)(C)) provided that a factor to be considered in determining whether it would be inequitable to hold a spouse liable for a deficiency in tax is whether that spouse significantly benefited, directly or indirectly, from the items of omitted gross income. Although no longer an express statutory factor, personal benefit from a substantial understatement is still a factor to be considered in making an equity determination. H. Rept. 98-432 (Part 2) 1501, 1502 (1984). Thus, section 1.6013-5(b), Income Tax Regs., which was promulgated prior to the 1984 amendments, is still pertinent. Purcell v. Commissioner, supra at 242. However, normal support is not a "significant benefit" for purposes of determining whether it is inequitable to hold petitioner liable for the deficiency. Sec. 1.6013-5(b), Income Tax Regs. *346 ; Terzian v. Commissioner, supra at 1172. There is no evidence in the record indicating that petitioner benefited from the understatement or that any benefit which inured to her exceeded normal support. The record shows that Mr. Hayes kept his income from petitioner. The record also shows that petitioner supported herself and lived off her own income. In sum, we conclude that petitioner received no significant benefit, directly or indirectly, from the Super-Therm income which was omitted from gross income. Another factor relevant to the equity determination is whether the spouse seeking relief has been deserted by or divorced or separated from the other spouse. Sec. 1.6013-5(b), Income Tax Regs. Although petitioner and Mr. Hayes have never been legally divorced or separated, petitioner no longer maintains contact with Mr. Hayes nor does she know of his whereabouts. Upon due consideration of these circumstances of estrangement, together with the other facts as shown in the record, we conclude that it would be inequitable to hold petitioner liable for the deficiency in tax attributable to the substantial understatement resulting from *347 the omission of Mr. Hayes' Super-Therm income. Thus, with respect to that particular item of income, we hold that petitioner has sustained her burden of proving herself entitled to the relief accorded to an innocent spouse pursuant to section 6013(e). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801-802, amended sec. 6013(e)↩ retroactively to all years to which the Internal Revenue Code of 1954 applies.
3. See also Reid v. Commissioner, T.C. Memo. 1989-294↩.
4. In view of this conclusion, we need not decide whether petitioner satisfies the percentage threshold of section 6013(e)(4). See sec. 6013(e)(4)(E)↩.