ESTATE OF VIRGINIA V. SIMMONS, DECEASED, VIRGINIA H. WILDER, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 120-89.　　　Filed May 2, 1990.

*Cary Whitaker,* for the petitioner.
*Jeanne Gramling,* for the respondent.

OPINION

RUWE, *Judge:* Respondent determined a deficiency in income tax in the amount of $10,587.72 for the taxable year 1986. The deficiency resulted from respondent's determination that Virginia V. and Mack D. Simmons, Sr., failed to compute and report alternative minimum tax and self-employment tax on their joint 1986 Federal income tax return. Petitioner agrees with respondent's computation of self-employment tax in the amount of $73.80. Petitioner also agrees with respondent's computation of the alternative minimum tax contained in the notice of deficiency. The sole issue for decision is whether Virginia V. Simmons qualified

for relief from liability as an "innocent spouse" under section 6013(e).[1]

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Virginia V. Simmons (decedent) died on January 29, 1988. Virginia H. Wilder, executrix of decedent's estate, resided in Scotland Neck, North Carolina, at the time she filed the petition in this case.

Decedent filed a joint Federal income tax return for 1986 with her husband, Mack D. Simmons, Sr. Mack D. Simmons, Sr., died on March 3, 1987.

A husband and wife who file a joint return are jointly and severally liable for the tax due. Sec. 6013(d)(3). However, an "innocent spouse" is relieved of liability if he or she proves: (1) That a joint return has been made for a taxable year; (2) that on such return there is a substantial understatement of tax; (3) that the understatement exceeds a certain percentage of the preadjustment year of the spouse claiming relief; (4) that the substantial understatement of tax is attributable to grossly erroneous items of the other spouse; (5) that he or she did not know, and had no reason to know, of such substantial understatement when he or she signed the return; and (6) that after a consideration of all the facts and circumstances, it would be inequitable to hold him or her liable for the deficiency in income tax attributable to such substantial understatement. Sec. 6013(e)(1); *Flynn v. Commissioner,* 93 T.C. 355, 359 (1989); *Purcell v. Commissioner,* 86 T.C. 228, 234-235 (1986), affd. 826 F.2d 470 (6th Cir. 1987). Petitioner bears the burden of establishing that each of the requirements of section 6013(e) has been satisfied. *Purcell v. Commissioner,* 826 F.2d at 473; *Sonnenborn v. Commissioner,* 57 T.C. 373, 381-383 (1971).

Respondent agrees that petitioner satisfies the first three requirements, but argues that petitioner has not established the remaining requirements for relief. Respondent first argues that the understatement in question here is not

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

attributable to "grossly erroneous" items as that term is used in section 6013(e).

A grossly erroneous item is defined to mean "any item of gross income attributable to such spouse[2] which is omitted from gross income" and "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law." Sec. 6013(e)(2)(A) and (B). The statute requires that there be a gross error with respect to a particular item of deduction, credit, or basis on the joint return. *Sivils v. Commissioner*, 86 T.C. 79, 83 (1986).

The record clearly establishes that Mr. and Mrs. Simmons' 1986 return omitted no gross income. All the reportable gross income that respondent's deficiency determination is based on is reported on the 1986 return.

Petitioner appears to argue that the failure to calculate and report alternative minimum tax and self-employment tax on the 1986 joint return was in the general nature of a grossly erroneous "deduction, credit, or basis." Petitioner acknowledges that there is no case authority for its position but argues that any other reading would be unduly restrictive. We disagree.

The definition of a "grossly erroneous item" in section 6013(e)(2) is very specific. Other than omitted gross income, the only items that qualify are claimed deductions, credits, or basis. The meaning of the terms "deduction," "credit," and "basis"[3] is not ambiguous. The understatement of tax in this case is clearly not attributable to an erroneous claim of deduction, credit, or basis. Rather, the understatement is completely due to the failure to compute properly the correct tax liability on the correctly reported income, deductions, credits, and bases shown on the 1986 return.

Petitioner cites no legislative history or case law to support a more expansive reading of the statutory language and we are aware of none. The language of the statute must be the primary source for determining its meaning. When the statutory language is not ambiguous, it is conclusive "absent a clearly expressed legislative intention to the

---

[2] The term "such spouse" in sec. 6013(e)(2)(A) and (B) refers to the spouse other than the one claiming innocent spouse relief.

[3] The term "basis" is used in the same sense as it is used in secs. 1011 et seq. See Staff of the Joint Committee on Taxation, General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 721 (J. Comm. Print 1984).

contrary." *Consumer Product Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, 108 (1980); *Miller v. Commissioner,* 836 F.2d 1274, 1282-1283 (10th Cir. 1988), revg. 84 T.C. 827 (1985); *Miller v. Commissioner,* 93 T.C. 330, 340-341 (1989).

In *Sivils v. Commissioner, supra,* we denied innocent spouse relief in a situation where the deficiency was due to the improper use of income averaging to compute an income tax liability and the failure to characterize commissions as income subject to self-employment tax. We found that the substantial understatement of tax in that case was not attributable to grossly erroneous items since the errors did not involve omitted income or erroneous claims of deductions, credits, or bases. There is no principled distinction between the computational errors in *Sivils v. Commissioner, supra,* and those in this case. The specific requirements of the statute have not been met, and petitioner is therefore not entitled to relief.

Because we find that the understatement was not due to grossly erroneous items, we need not consider respondent's other arguments for denying petitioner relief under section 6013(e).

*Decision will be entered for the respondent.*