MICHAEL R. FRIEND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friend v. Commissioner
Docket No. 16799-83
United States Tax Court
T.C. Memo 1990-361; 1990 Tax Ct. Memo LEXIS 378; 60 T.C.M. (CCH) 147; T.C.M. (RIA) 90361; July 17, 1990, Filed *378 An order denying petitioner's motion shall be issued. Michael R. Friend, pro se. Jack A. Joynt and Phillip Owens, for the respondent. PATE, Special Trial Judge. PATE
SUPPLEMENTAL MEMORANDUM OPINION This case was tried on April 28, 1989 and our opinion was filed on March 19, 1990, as T.C. Memo. 1990-144. It is now before the Court on petitioner's Motion For Reconsideration And To Re-Open Trial For Further Evidence, filed April 16, 1990. In his motion, petitioner asks this Court to open the record to receive further evidence with regard to a theft loss deducted on the 1980 joint income tax return petitioner filed *379 with his now deceased wife. As grounds therefore, he contends that: he was unconstitutionally denied the assistance of counsel at the trial of this case; he was unconstitutionally denied due process in that he was not given an opportunity to gather the documentary evidence necessary to carry his burden of proof; and respondent abused his authority by not also pursuing the estate of petitioner's deceased wife for the deficiency at issue herein. We note first that the granting of a motion for reconsideration rests within the discretion of the Court and the Court will not grant the motion unless unusual circumstances or substantial error is shown. See Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); Estate of Bailly v. Commissioner, 81 T.C. 949, 951 (1983). It is the policy of this Court to try all the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. It is well settled that in the interest of efficient performance of judicial work, a motion for reconsideration cannot raise theories or grounds that could have been advanced or supported at the earlier trial. See Chiquita Mining Co. v. Commissioner, 148 F.2d 306 (9th Cir. 1945); *380 Standard Knitting Mills v. Commissioner, 141 F.2d 195, 198-199 (6th Cir. 1944), cert. denied 322 U.S. 753 (1944). As we noted in Koufman v. Commissioner, 69 T.C. 473, 476-477 (1977); This Court has an extraordinarily heavy volume of cases, and in many of them, the Court decides an issue against one of the parties because of his failure to carry his burden of proof or to perform some other act. If the Court granted a second chance to every party who lost because of his failure to act in some manner, the Court clearly could not keep abreast of its work. In effect, we would be telling the parties that if they were not satisfied with the first decision, try again. However, on previous occasions, we have denied a petitioner's motion to vacate the decision and reconsider the opinion where the only basis for these motions was the petitioner's unexcused failure to raise certain issues earlier. * * *
Petitioner first complains that his constitutional rights were violated when he was not afforded free counsel to represent him in this law suit. However, the Sixth Amendment of the Constitution of the United States deals only *381 with criminal cases and is not applicable to the civil proceeding here. Cupp v. Commissioner, 65 T.C. 68, 85-86 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977); see Ruggere v. Commissioner, 78 T.C. 979, 989 (1982).Further, petitioner was afforded a full opportunity to be heard and none of his rights were violated. See Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979), cert. denied 446 U.S. 967 (1980). Second, petitioner argues that he was denied due process because he was incarcerated in the Kentucky State Reformatory during the entire time between the filing of this case in 1983 and the trial of this case in 1989 and, therefore, was unable to obtain the records necessary to substantiate his deductions. However, the record does not disclose any serious and genuine effort made by petitioner, during the time this case was docketed, to obtain such records, either through the efforts of friends, relatives, social workers, or any other means. Moreover, in 1988, the year before trial, this Court urged respondent to contact petitioner and offer to assist him in locating his records. Yet, *382 despite the fact that respondent requested information with regard to petitioner's records, in both an informal written request and formal interrogatories, petitioner continued to "stonewall" respondent, refusing to identify with whom or at what location the records were stored. We believe that in the extensive time petitioner had to work on this problem, he could have obtained these records or, at the very least, shown us a bona fide attempt to locate them. He made no such showing before or at trial. Consequently, we cannot find any denial of due process here. Last, petitioner complains that respondent abused his discretion because he allegedly proposes to assess the entire amount of the deficiency against petitioner without making any effort to do so against the estate of his deceased wife. However, other than petitioner's allegations, the record does not contain any evidence to show that respondent did not assess Mrs. Friend's estate. More to the point, however, the Internal Revenue Code provides that each spouse is jointly and severally liable for the tax on the correct amount of taxable income when a joint return is filed. Sec. 6013(d)(3). Therefore, petitioner is liable *383 for the entire amount of the deficiency determined by this Court. Sivils v. Commissioner, 86 T.C. 79, 82 (1986).Further, respondent may seek assessment and collection from either spouse; he is not required to pursue both of them. Benjamin v. Commissioner, 66 T.C. 1084, 1100 (1976), affd. 592 F.2d 1259 (5th Cir. 1979). In summary, petitioner has failed to show us the unusual circumstances or the substantial error necessary to warrant the granting of his motion. Accordingly, An order denying petitioner's motion shall be issued.