ESTATE OF MYRTLE S. LEVIN PRINCE, Deceased, MARC ALAN LEVIN, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Prince v. Commissioner
Docket No. 21309-89
United States Tax Court
T.C. Memo 1991-208; 1991 Tax Ct. Memo LEXIS 232; 61 T.C.M. (CCH) 2594; T.C.M. (RIA) 91208; May 14, 1991, Filed *232 Decision will be entered under Rule 155. Larry J. White and Marc Alan Levin, for the petitioner. Willard N. Timm, Jr., for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION Respondent determined an estate tax deficiency of $ 482,700.40, based in part on the omission of certain gifts for estate tax purposes, and an addition to tax of $ 131,686.00 under section 6660. [1] After concessions, the sole remaining issue for decision is whether respondent may include such omitted gifts made in a year which is closed to the assessment of any gift tax under section 6501 when calculating "adjusted taxable gifts" for estate tax purposes under section 2001(b)(1)(B). This case was submitted fully stipulated, and the stipulation of facts and attached exhibits are incorporated herein by reference. Myrtle S. Levin Prince, *233 the decedent, died on March 4, 1985, and had been a resident of Georgia. At the time the petition was filed, the executor, decedent's son, Marc Alan Levin, resided in McLean, Virginia. A timely Federal estate tax return, Form 706, was filed. Decedent began a gift-giving program in 1979. Decedent filed Federal gift tax returns, Forms 709, in each year from 1979 through 1985. On her 1984 gift tax return, decedent reported gifts (primarily stocks and bonds) and added the following: On May 30, 1984, the donor made gifts (exempt from gift tax under the Housing Act of 1937) of Atlanta, Georgia Project Notes, 5.82%, issue date 4-01-84, due 3-05-85.
These notes (project notes), which had a fair market value of $ 20,000.00 on the date of the gift, were not included in the total gifts on the 1984 gift tax return. [2] After taking into account decedent's annual gift tax exemption and partial use of decedent's unified credit, it was determined that there was no gift tax due for 1984. Even if the project notes had been included in the total taxable gifts on decedent's 1984 gift tax return, there would have been no gift tax due; the only adjustment would have been a further application *234 and consequent reduction of the unified credit for future use. The 3-year limitation period for assessment of a gift tax for 1984 expired on April 15, 1988. No assessment was made nor was any notice of deficiency issued prior to that time. During an examination of decedent's estate tax return, respondent determined that the fair market value of the project notes should be included in the "adjusted taxable gifts" for estate tax purposes, which were not so reflected in the estate tax return. The deficiency notice herein was issued on June 2, 1989. The issue for decision is whether respondent is barred from increasing the value of "adjusted taxable gifts" for *235 estate tax purposes under section 2001(b)(1)(B)[3] by including gifts previously omitted from a gift tax return when the time within which to assess a gift tax deficiency resulting from such untaxed gifts has expired under section 6501. [4]
*236 Respondent asserts that this case is controlled by section 2504(c)[5] and our opinion in Estate of Smith v. Commissioner, 94 T.C. 872 (1990). Petitioner's primary contention is that, since the statute of limitations in respect of the 1984 gift tax had expired under section 6501 at the time the notice of estate tax deficiency was issued, the project notes were not "adjusted taxable gifts" within the meaning of section 2001(b)(1)(B). Under this rationale, petitioner takes the position that section 2504(c) and Estate of Smith do not apply herein. Alternatively, petitioner argues that the 1984 return reported the gifts at a zero value and that section 2504(c) precludes their revaluation, our decision in Estate of Smith to the contrary notwithstanding. For the reasons hereinafter set forth, we agree with petitioner that section 2504(c) and, except in limited respects, Estate of Smith do not apply to the instant case, but we disagree with petitioner's main and alternative contentions and sustain respondent's determination. *237 Section 2504(c) specifically provides, as a condition of its application, that a gift tax "has been assessed or paid" in respect of the barred period. Estate of Smith v. Commissioner, 94 T.C. at 878; H. Rept. 1337, 83d Cong., 2d Sess. 93, A322 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 479 (1954). Clearly, decedent paid no tax on the gifts reported on the 1984 return, and no such tax has been assessed. Furthermore, contrary to a passing suggestion by petitioner, the use of the unified credit on the 1984 return does not constitute payment of the gift tax. Reilly v. United States, 1987 U.S. Dist. LEXIS 13234, 88-1 U.S. Tax Cas. (CCH) 13,752, 61 A.F.T.R.2d (RIA) 1332 (S.D.Ind. 1987); Rev. Rul. 84-11, 1984-1 C.B. 201. See also ABA Tax Section Recommendation No. 1980-5, Committee on Estate and Gift Taxes, 33 Tax Lawyer 1531 (1980). We hold that section 2504(c) does not apply herein. Such being the case, Estate of Smith v. Commissioner, supra, is not in point, except to the limited extent hereinafter indicated. We now turn to petitioner's main contention. The latter part of section 2001(b) provides that "For purposes of *238 paragraph (1)(B), the term 'adjusted taxable gifts' means the total amount of the taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976 * * *." (Emphasis added.) Section 2503(a) provides that "The term 'taxable gifts' means the total amount of gifts made during the calendar year, less the deductions provided in subchapter C (section 2522 and following)." Nowhere in section 2522 and following or elsewhere in the Internal Revenue Code is there any provision for the deduction of gifts on the basis that the statute of limitations has run. To hold that the statute of limitations provisions of section 6501 accomplish that result would produce the incongruous situation that a decedent who had filed a gift tax return reporting all gifts and paid a gift tax would be in a worse position in respect of revaluation of a gift for estate tax purposes than a decedent who failed to report an otherwise taxable gift. Cf. Estate of Smith v. Commissioner, supra.
Petitioner relies heavily on Boatmen's First Nat. Bank of Kansas City v. United States, 705 F. Supp. 1407 (W.D. Mo. 1988), and points to the fact that *239 it was cited with seeming approval in Fendell v. Commissioner, 906 F.2d 362 (8th Cir. 1990), revg. and remanding 92 T.C. 708 (1989). We expressed our disagreement with Boatmen's in Estate of Smith v. Commissioner, 94 T.C. at 878, and we are not persuaded to change our view by the Eighth Circuit's citation in a case that is clearly distinguishable. Leaving aside the question whether we agree with the Eighth Circuit's disposition of Fendell (a question we do not decide), that case involved the issue whether the expiration of the statute of limitations in respect of the tax return of a trust precluded respondent from recalculating the distributable income of one taxpayer, i.e. a trust, in determining a deficiency in the taxable income of another taxpayer, i.e., a beneficiary of the trust whose taxable year was still open. In the instant case, the same person is both the donor and the decedent. Petitioner makes several policy arguments in support of its position. Most of them are variations on the policy themes rejected in Estate of Smith v. Commissioner, supra. Petitioner has not persuaded us *240 that we should accord favorable treatment to its policy arguments. Nor has petitioner persuaded us that we should overrule Estate of Smith and sustain its alternative argument. Petitioner also suggests that, because respondent was aware of the omission of the project notes from taxable gifts on the 1984 return well before the expiration of the period of limitations for the assessment of a gift tax on April 15, 1988, he should be precluded from collecting that tax indirectly through the determination of a deficiency in estate tax. This position smacks of estoppel against the Government and clearly does not satisfy the standards for such a claim under the decided cases. E.g., United States v. Asmar, 827 F.2d 907 (3d Cir. 1987); Boulez v. Commissioner, 76 T.C. 209 (1981), affd. 258 U.S. App. D.C. 90, 810 F.2d 209 (D.C. Cir. 1987). In sum, we hold that, under the circumstances herein, the usual rule that the basis for tax liability in a prior barred period may be recomputed for the purpose of calculating the tax liability for an open period should apply. Hill v. Commissioner, 95 T.C. 437 (1990) (investment credit); Sivils v. Commissioner, 86 T.C. 79, 83-84 (1986) *241 (income averaging); Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975) (net operating losses). Finally, we note that, since there would have been no gift tax payable even if the decedent had included the transfers of the project notes as taxable gifts on her 1984 return, petitioner is not entitled to any adjustment under the second prong of our decision in Estate of Smith v. Commissioner, 94 T.C. at 878-880. To reflect the concessions of the parties and our decision herein, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise specified, all statutory references are to the Internal Revenue Code as amended, and any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
2. At the time of the filing of this return, there was authority that such notes were not subject to tax. Haffner v. United States, 585 F. Supp. 354 (N.D. Ill. 1984), affd. per curiam 757 F.2d 920 (7th Cir. 1985). This authority was overruled in United States v. Wells Fargo Bank, 485 U.S. 351, 99 L. Ed. 2d 368, 108 S. Ct. 1179↩ (1988).
3. Section 2001(b) provides: (b) Computation of Tax. -- The tax imposed by this section shall be the amount equal to the excess (if any) of -- (1) a tentative tax computed under subsection (c) on the sum of -- (A) the amount of the taxable estate, and (B) the amount of the adjusted taxable gifts, over (2) the aggregate amount of tax which would have been payable under chapter 12 with respect to gifts made by the decedent after December 31, 1976, if the provisions of subsection (c) (as in effect at the decedent's death) had been applicable at the time of such gifts. For purposes of paragraph (1)(B), the term "adjusted taxable gifts" means the total amount of the taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976, other than gifts which are includable in the gross estate of the decedent.↩
4. Section 6501(a) provides: (a) General Rule. -- Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.↩
5. Section 2504(c) provides in part: (c) Valuation of Certain Gifts for Preceding Calendar Periods. -- If the time has expired within which a tax may be assessed under this chapter * * * on the transfer of property by gift made during a preceding calendar period, * * * and if a tax under this chapter * * * has been assessed or paid for such preceding calendar period, the value of such gift made in such preceding calendar period shall, for purposes of computing the tax under this chapter for any calendar year, be the value of such gift which was used in computing the tax for the last preceding calendar period for which a tax under this chapter * * * was assessed or paid.↩