PHYLLIS RAMPULLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rampulla v. Commissioner
Docket No. 26723-91
United States Tax Court
T.C. Memo 1993-504; 1993 Tax Ct. Memo LEXIS 515; 66 T.C.M. (CCH) 1184; November 1, 1993, Filed *515 Decision will be entered for respondent. Petitioner wife and her husband filed a joint income tax return for their 1983 taxable year. Respondent determined a deficiency, additions to tax, and additional interest against the couple for that year. Petitioner conceded the deficiency, additions to tax, and additional interest, but sought innocent spouse relief under sec. 6013(e), I.R.C.Held: Petitioner is not entitled to relief as an innocent spouse under sec. 6013(e), I.R.C.
For petitioner: Joseph J.J. Visci. For respondent: Marcie B. Harrison. HALPERN
HALPERN
MEMORANDUM OPINION HALPERN, Judge: By notice of deficiency dated September 27, 1991, respondent determined a deficiency, additions to tax, and additional interest against petitioner Phyllis Rampulla and her husband, Salvatore Rampulla, as follows: Additions to Tax and Additional Interest
Sec. Sec.
Sec.
Sec. Sec. Year
Deficiency
6621(c)
6653(a)(1)
6653(a)(2)
6659 6661 1983
$ 49,127
[1]
$ 2,456
[2]
$ 3,608
$ 9,275
Unless otherwise *516 noted, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The sole issue for decision is whether petitioner qualifies for relief from liability under section 6013(e) as a so-called "innocent spouse". Petitioner has otherwise conceded the deficiency, additions to tax, and additional interest. Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. At the time the petition in the instant case was filed, petitioner resided on Staten Island, in New York City. For 1983, petitioner and her husband (Salvatore) made a joint return of income, computed on the basis of a calendar year. Petitioner and Salvatore were married in April 1983. Although still married at the time of trial, they became separated in 1988. During 1983, Salvatore was a stock broker. Petitioner was a housewife. Salvatore was the family's sole bread winner, and completely dominated the family's finances. Petitioner was generally unaware of Salvatore's income and investments. Petitioner, *517 herself, earned no income during 1983. The deficiency determined by respondent is primarily attributable to three adjustments: First, with regard to a Schedule C activity of renting video tapes, respondent disallowed all of the claimed loss of $ 24,055. All of the deductions taken with respect to that activity -- for depreciation, interest, and management fees -- were specifically disallowed, in full, for various reasons. No gross income from the activity was reported on the Schedule C. Respondent also determined that the activity was not one entered into for profit, so that any loss surviving her specific disallowances would be subject, in whole or in part, to section 183. Finally, respondent also determined that the deductibility of any loss surviving her specific disallowances was subject to the at-risk limitations of section 465. Second, respondent also disallowed a stock loss claimed under the provisions of section 1244 (Losses on Small Business Stock) on the grounds that it had not been established that the amount deducted was (1) a loss and (2) actually suffered by Salvatore or petitioner. Third, respondent determined that Salvatore was not entitled to use a special *518 10-year averaging method for reporting certain pension distributions since Salvatore had not met the requirement of being a participant in a qualified pension plan for the minimum period of 5 years. Section 6013(a) provides that a husband and wife may make a single return jointly of the income taxes imposed under Subtitle A of the Internal Revenue Code. Section 6013(d)(3) provides that, if they elect to do so, the tax is computed on the aggregate income of both spouses, and the liability with respect to the tax is joint and several. An exception to the rule imposing joint and several liability in the case of a joint return is found in section 6013(e)(1), which states as follows: In general. Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to *519 hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.
We note that, although the tax year before us is 1983, we apply the statute as amended in 1984. We do this because the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), (c), 98 Stat. 494, 801-803, retroactively amended section 6013(e) for all open years to which the Internal Revenue Code applies. To qualify as an "innocent spouse" under section 6013(e)(1), a taxpayer must establish that each of the requirements set out therein is satisfied. Rule 142(a). Failure to prove any one of those requirements prevents the taxpayer from qualifying as a so-called innocent spouse. E.g., Bokum v. Commissioner, 94 T.C. 126, 138 (1990), affd. 992 F.2d 1132 (11th Cir. 1993). The parties have stipulated that petitioner and her husband, Salvatore, filed a joint return for 1983. Accordingly, *520 the parties agree that subparagraph (A) of section 6013(e)(1) is satisfied. Section 6013(e)(1)(B) requires a taxpayer to prove that there is a substantial understatement of tax attributable to grossly erroneous items of one spouse. For that purpose, the term "grossly erroneous items" is defined by section 6013(e)(2) to mean, with respect to any spouse: (A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law.
The first two items giving rise to respondent's determination of a deficiency (the Schedule C loss and the section 1244 stock loss) involve deductions. As we have said with regard to the "no basis in fact or law" standard of section 6013(e)(2)(B) (applicable to deductions): a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, *521 a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the [Ways and Means] committee report [on the Deficit Reduction Act of 1984], phony. [Fn. ref. omitted.]
Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986). Petitioner contends that the Schedule C deductions and the section 1244 stock deduction represent grossly erroneous items. Petitioner, however, relies exclusively on respondent's disallowance of those deductions as a means of meeting her burden of proof. Reasoning that respondent would not have disallowed the claimed deductions if she had not considered them to be lacking a basis in fact or law, petitioner rests on that disallowance and puts forth no affirmative evidence of her own to establish that the deductions were grossly erroneous. In Douglas v. Commissioner, supra, we dealt with the argument that the mere fact of the disallowance of a deduction, following a diligent attempt to prove deductibility, establishes that such deduction has no basis in fact or law. Id. at 763. We agreed that the Commissioner *522 would disallow a deduction if it had no basis in fact or law, and that, in such circumstances, the courts would sustain the disallowance. Id. We cautioned, however, that it simply did not follow that, because deductions lacking in a factual or legal basis would be disallowed, all deductions that are disallowed lack a factual or legal basis. Id. We laid down the following rule: "Petitioner may not rely on the disallowance * * * alone to prove a lack of basis in fact or law." Id. [Fn. ref. omitted.] We have followed that rule in other cases. See, e.g., Feldman v. Commissioner, T.C. Memo. 1993-17; Davis v. Commissioner, T.C. Memo. 1992-240; Anthony v. Commissioner, T.C. Memo. 1992-133. Petitioner relies solely on respondent's disallowance to prove a lack of a basis in fact or law for the deductions in question. Respondent's basis for disallowing those deductions, however, does not make self- evident that the deductions lacked a basis in fact or law. Petitioner called Salvatore to testify at trial, yet, inexplicably, did not solicit from him any information that might have helped *523 her carry her burden. Petitioner did not call, or explain why she did not call, the accountant who prepared the return in question and who might have provided her with some assistance. We are unable to conclude on the record before us that petitioner has carried her burden of showing that such deductions lacked a basis in fact or law. Accordingly, with regard to those items, we hold that she does not qualify for relief under section 6013(e), for failure to satisfy the requirements of section 6013(e)(1)(B). The last item in issue involves respondent's disallowance of the special 10-year averaging method which Salvatore sought to use in reporting a distribution from his pension plan. Since Salvatore had not been a participant in the plan for at least 5 years, as required by section 402(e)(4)(H), respondent determined that he was not entitled to 10-year averaging treatment with respect to the lump-sum distribution he received. The attempt of petitioner and Salvatore to utilize the 10-year averaging method may well have been groundless. Nevertheless, the statutory test for determining an item as grossly erroneous is whether gross income was omitted or a deduction, lacking a basis *524 in fact or law, was claimed. Sivils v. Commissioner, 86 T.C. 79, 83 (1986). Here, the adjustment is not an item of omitted income since the return indicates that petitioner and Salvatore received and reported the full distribution from the pension plan. Moreover, it is not an item of deduction, since they did not claim any improper deductions with respect to the distribution. The item involves solely the calculation of the amount of tax for the year. Thus, the adjustment in issue involves neither an omission from income nor a deduction and, therefore, cannot qualify for the relief provided under section 6013(e). See Sivils v. Commissioner, supra (the use of improper income averaging does not constitute either an omission from income or the claim of a groundless deduction); Reid v. Commissioner, T.C. Memo. 1989-294 (a determination by respondent that a taxpayer has improperly reported the character of income is not sufficient to establish that the resulting substantial understatement of tax is attributable to "grossly erroneous items"). In accordance with the foregoing, we hold that *525 petitioner is not entitled to innocent spouse relief under section 6013(e) for her 1983 taxable year. Decision will be entered for respondent. Footnotes
1. Interest on $ 12,028 at 120 percent of the underpayment rate provided for in sec. 6621(a)(2).↩
2. 50 percent of the interest due on $ 49,127.↩